FILED
SUPERIOR COURT
OF GUAM

2021 JAN 29 PM 4: 10

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARS PLUS LLC.,<br><br>Plaintiff,<br><br>vs.<br><br>VERNA AGUON BAZA,<br><br>Defendant. | CIVIL CASE NO. CV0764-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Plaintiff Cars Plus LLC's Motion for Summary Judgment and Defendant Verna Aguon Baza's Motion for Leave to File Opposition. Attorney Duncan G. McCully represents Plaintiff Cars Plus LLC ("Plaintiff") and Attorney Phillip Torres represents Defendant Verna Aguon Baza ("Defendant"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter involves an action for recovery of money owed on an auto loan. *See generally*, Compl., Jun. 24, 2019. On December 20, 2017, Defendant agreed to purchase a 2017 Hyundai Tucson from Cars Plus under terms and conditions set forth in the Credit Sale Contract. *See* Compl., Ex. A. Defendant subsequently failed to make payments as required by the Contract. Compl. ¶ 3. On June 24, 2019, Plaintiff filed a Complaint seeking judgment against Defendant in the amount of $11,082.91, accrued interest as of October 15, 2018, interest

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order

Page 1 of 6

at the rate of 7.25% from October 15, 2018 to the date of judgment, attorney fees and post judgment interest and costs. (Compl. at 2). On August 30, 2019, Defendant filed her Answer to Plaintiff's Complaint.

On July 31, 2020, Plaintiff filed the instant Motion for Summary Judgment, along with a Declaration of Sharon Holi in support of the Motion.

On September 28, 2020, this Court issued an Order for Briefing, directing that Defendant's Opposition to the Motion for Summary Judgment be filed by October 14, 2020, with any Reply to be filed by October 28, 2020, and set the matter for oral argument on October 29, 2020.[1]

On October 19, 2020, Defendant filed her Opposition to the Motion for Summary Judgment. Although the Opposition was filed on October 19, 2020, the Court was not aware of any Opposition having been filed until the Motion Hearing on October 29, 2020, when counsel for Defendant informed the Court of the filing.[2]

On October 28, 2020, Plaintiff filed a Request for Summary Judgment in Lieu of a Reply. At the time of the filing of the Request, Plaintiff also had not received any filed Opposition from Defendant. *See* Request for Summary Judgment, Oct. 28, 2020.

On October 29, 2020, the Court heard oral arguments from both parties via Zoom. The Court further instructed counsel for Defendant to request leave for the Court to consider the late filing.

On November 9, 2020, Defendant filed a Verified Motion for Leave to File Opposition to Plaintiff's Motion for Summary Judgment. On December 3, 2020, Plaintiff filed its Opposition, and on December 17, 2020, Defendant filed her Reply.

---

[1] Prior to the Court issuing its Order for Briefing, all filing deadlines were tolled by Administrative Order ADM20-411 from August 16, 2020 until October 19, 2020.

[2] The Court notes that the case caption for in Defendant's Opposition initially reflected Civil Case No. CV0691-18, which was subsequently crossed out and CV0764-19 written in. This may have impacted the Court being notified of the filing.

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order

## DISCUSSION

### I. Defendant's Motion for Leave to File an Opposition to Plaintiff's Motion for Summary Judgment

The Court will first address Defendant's Motion for Leave to File an Opposition to Plaintiff's Motion for Summary Judgment ("Motion for Leave"), as it will determine whether or not the Court will consider any arguments set forth in the October 19, 2020 filed Opposition. Defendant sets forth that the Opposition was filed days late due to counsel's secretary being out of the office due to a family death and internal office miscommunications in light of the Supreme Court of Guam's Administrative Orders and this Court's Order for Briefing. (Mot. Leave at 1-2, Nov. 9, 2020). Defendant requests "that the Court find excusable neglect and accept her Opposition for consideration." *Id.* Plaintiff opposes the Motion insomuch as it will create additional delay on resolving the Motion for Summary Judgment currently before the Court. *See generally*, Opp'n, Dec. 3, 2020. Plaintiff also sets forth that counsel for Defendant asserted all the arguments set forth in the Opposition at the Motion Hearing and therefore all arguments were effectively presented to the Court for consideration. *Id.* at 2.

The Court, having considered both parties arguments, will GRANT Defendant's Motion for Leave. Plaintiff's Motion for Summary Judgment will also be addressed in this Decision and Order, and as the Opposition was already filed, there will therefore be no additional delay in light of the filing of the Motion for Leave. The Court also acknowledges that it has heard much of the arguments set forth in the Opposition at the Motion Hearing and therefore the contents of the Opposition are essentially already before it for consideration.

### II. Plaintiff's Motion for Summary Judgment

The Court next turns to Plaintiff's Motion for Summary Judgment. Plaintiff moves the Court to grant summary judgment in its favor as there are no material issues of fact or law that need to be decided at trial. *See generally*, Mot. Summary Judgment, Jul. 31, 2020. Defendant opposes, arguing that there are "a number of material issues of fact and law pertinent to Plaintiff's claims and the contractual expectations of the parties." *See generally*, Opp'n, Oct. 19, 2020.

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order

## A. Summary Judgment Standard

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. Rule 56(e).

## B. Whether there are any material facts in dispute

The issue before the Court is whether there are any material facts in dispute requiring resolution by a fact-finder. In support of its Motion for Summary Judgment, Plaintiff filed a Declaration of Sharon Holi setting forth the existence of Defendant's auto loan, the balance due, and how the balance was calculated. Plaintiff sets forth that "there are no issues of fact or law that would prevent the enforcement of the agreement that was signed by Defendant and enter judgment for the amounts as set forth in Ms. Holi's declaration." (Mot. Summary Judgment at 3).

Defendant proffers that there are numerous issues of fact in dispute. First, Defendant sets forth that the "question of standing to bring the suit and assert claims constitutes a material dispute of fact," in light of the purported assignment of the contract and debt to First Hawaiian Bank ("FHB") and then back from FHB to Plaintiff. (Opp'n at 4). Defendant also sets forth

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order

Page 4 of 6

that a material dispute exists as to damages set forth, as the exhibits submitted in support are factually or legally deficient. *Id.* at 5.

Although Defendant proffers that these issues are in dispute, the Court notes that the Opposition was not supported by any affidavits or declarations. Under GRCP 56(e), "[a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Accordingly, the Court finds summary judgment appropriate as the opposition did not establish any controverted material issues of fact. *See Izuka Corp. v. Kawasho Int'l (Guam) Inc.,* 1997 Guam 10 ¶ 7 (A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder.").

This matter involves a Credit Sale Contract, whereby Defendant agreed to purchase a 2017 Hyundai Tucson from Cars Plus December 20, 2017 under certain terms and conditions. *See* Compl., Ex. A. "Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning." *Edwards v. Pacific Financial Corp.,* 2000 Guam 27 ¶ 9 (citation omitted). "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Id.* (quoting 18 G.C.A. § 87102).

Here, the facts before the Court set forth that Defendant executed the promissory note and that she failed to make payments as required by the note. Pursuant to the promissory note, Defendant agreed to make sixty monthly payments of $524.60 commencing on January 19, 2018, with an annual percentage rate of 7.25%. (Compl., Ex. A). Payments were to be applied first to any accrued unpaid interest, then to the principal, and last to any late charges and collection costs. *Id.* The note further sets forth that the buyer, Defendant, would be in default if she failed "to make any payment when due under this Contract or any other obligation" owed to Plaintiff and that the amount owed "will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order

Page 5 of 6

[Defendant] defaulted." *Id.* Defendant's last payment of $524.60 was on June 15, 2018; however she subsequently made a late payment of $500 on July 31, 2018. (Holi Decl., Ex. C).

The promissory note also set forth that "[a]cceptance of a late payment or late charge does not excuse [a] late payment or mean that you may keep making late payments." (Compl., Ex. A). Defendant did not make a payment in August 2018, and defaulted on the promissory note. Accordingly, the balance was accelerated and the total balance owed in August 2018 was $24,343.42. (Holi Decl. ¶ 9; Ex. C). The vehicle was repossessed consistent with the promissory note and subsequently sold in a commercially reasonable manner for $15,400.00 on September 12, 2018, resulting in a $11,082.91 deficiency. (Holi Decl., Ex. E). Accordingly, the Court finds that the principal balance owed by Defendant is $11,082.91.

The Court further finds that Defendant promised to pay the principal balance together with interest on the unpaid principal balance at the annual percentage rate of 7.5%. (Compl., Ex. A). Accordingly, the Court finds that Defendant is obligated to also pay the accrued interest prior to default. The Court further finds that Defendant is obligated to pay the additional interest accrued at 7.25% from the date of default to the date of judgment. *See* Compl. Ex. A; Holi Decl. ¶ 12. Lastly, the Court finds that Plaintiff is entitled to court costs and reasonable attorney's fees pursuant to the promissory note. (Compl., Ex. A).

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Leave to File an Opposition and GRANTS Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED** this _____ day of January, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

E-MAIL
acknowledge that an electronic
copy of the original was e-mailed to:
MCCLLY
P. Torres
Date: _____ Time: 1/24/21

Deputy Clerk, Superior Court of Guam

*Cars Plus LLC vs. Baza*
Case No. CV0764-19
Decision and Order